Plea, not guilty, and a special justification under final process.
Upon the trial before his Honor, Strange, J., at LENOIR, on the last spring circuit, a verdict was entered for the plaintiff subject to the opinion of the court, upon the following case:
At the April sessions, 1827, of Lenoir County Court, a writ was returned at the instance of John Tull to the use of the defendant, Askew, against the plaintiff and two others. The return was "executed on all but Bender." An appearance was entered, and pleas filed for those taken, and an alias
ordered as to the plaintiff. At January Term, 1828, a nolle prosequi was entered as to all but Bender, and a judgment final by default entered up against him, upon which a fi. fa. issued returnable to the ensuing April Term, which was levied upon his property. And afterwards the same property was sold under a venditioni exponas, returnable to July Term, 1829. At that time it was ordered, "That the judgment and execution against Bender be set aside, it not appearing to the court that said Bender had been served with process."
Upon these facts his Honor set the verdict aside and entered a nonsuit, from which the plaintiff appealed.
There seems to be no doubt that defects in judgments may be amended as to matters within the statutes, after they are rendered, and even after writ of error brought or appeal had. There seems *Page 131 
to be as little doubt that errors or defects in executions of a (151) similar kind may be amended after they have been acted on so as to make them correspond with the judgment. This is for the purpose of making the writ a good justification, where before it was not, although it thereby may bar an action of him, who has been imprisoned on it, or had his property sold under it, while in an imperfect state. Having this effect, the courts are always careful never to allow such amendments, but to answer the purposes of justice, and upon proper terms, as if the amendment be in the record after error brought, upon the payment of the costs of the writ of error, provided the plaintiff in error do not proceed further after the amendment. Instances of amending writs of execution for the purpose of supporting proceedings under them, are found in Laroche v. Wasbrough (2 T. R., 737); Newman v. Law (5 id., 577) and Mowys v. Leake (8 id., 416, note a).
Correlative to this power is that of setting aside all irregular process and proceedings. This has been often done with respect to all parts of the proceedings, from the leading to the final process, the court taking care to exercise the power upon proper cases, and when applied for in due time, and before the irregularity has been cured by other steps taken in the cause. Office judgments, by which I mean those signed by the plaintiff in the course of the court, without any actual adjudication by the court, must necessarily be held to be under the future control of the court, when anything improper is made to appear in them. As to them, the authority of the court is not restricted to the term in which they are rendered, for if it were, it would amount to nothing, since neither the court nor the defendant knows of them at that time. Strong examples of this sort are judgments taken for usurious debts upon warrants of attorney. And many other instances are given in Tidd's Practice, 614, of judgments by default being set aside for irregularity, and among them signing such a judgment before the appearance of the defendant, and before regular service of the process. Courts then have this power. Indeed it seems indispensable to the (152) administration of justice and the due regulation of the officers of the court.
But it is said here that the defendant appeared, and appearance dispenses with a writ, and much more with the service of it. True, such is the effect of appearance, and if a court of error were passing upon the record of the suit in the county court, in its original state, the judgment could not be reversed, because the defendant Bender did not appear to be in court. But that is not the question here. It is, whether that court is precluded from inquiry into the fact, whether he did appear or not, for the purpose of determining whether or not the office *Page 132 
judgment signed against him was regular. And upon that question there can be no doubt, as long as it is conceded that a judgment may be set aside for irregularity, for that necessarily implies the capacity to ascertain whether in fact the irregularity was committed.
It would seem from an inspection of the record of the county court that there was no appearance by Bender, for at the very term at which the attorney enters his appearance for the defendants an alias capias is awarded against Bender, which shows that the appearance was for the other two.
But this Court does not enter into that. This is not an appeal from the order setting aside the judgment. In this collateral way the propriety of that order cannot be examined, unless it be absolutely void. It is not void, for in proper cases all courts can and ought to exercise that jurisdiction, and when they have done so another court cannot, collaterally, disregard the act, unless the power be denied in all cases. Here, therefore, we do not inquire whether the county court exercised its discretion properly in this particular case, but whether that court possesses the power in any instance. If it does, then this must be taken to be proper while it stands.
What is the effect upon the present action of the order of the county court? Very clearly it is to prevent the defendant from justifying under the judgment and execution. (Philips v. Biron, 1 Strange, 509; King v. Harrison 15 East., 615). It is the same thing as if they (153) never had existed. It is true that it is now usual for the court of King's Bench to restrain the defendant from bringing an action of trespass, unless a strong case for damages be shown. (Tidd's Pr., 1072.) But this is discretionary, and without an order there is no bar, for the writ is put out of the way. It forms, indeed, a justification for the sheriff, if it be not void upon its face, because he is no wise responsible for irregularity in the proceedings, unless he joins in the plea of the party. It is now usual upon setting aside proceedings for irregularity to make an order of immediate restitution, instead of putting the injured party to his action and to enforce such order by attachment. But the party has his action, unless restrained, and that was formerly the only method of redress. (Barker v. Norwood et al., 3 Wils., 368) Here the order did not extend to that subject.
PER CURIAM. Judgment reversed.
Cited: Skinner v. Moore, 19 N.C. 156; Winslow v. Anderson, 20 N.C. 6;Purcell v. McFarland, 23 N.C. 35; Keaton v. Banks, 32 N.C. 383;Bowman v. Foster, 33 N.C. 48; Williams v. Beasley 35 N.C. 114;Phillipse v. Higdon, 44 N.C. 383; Powell v. Jopling, *Page 133 47 N.C. 402; Griffin v. Henderson 51 N.C. 156; Davis v. Shaver, 61 N.C. 19;Stancill v. Branch, ibid., 219; White v. Snow 71 N.C. 234; Turner v.Douglas, 72 N.C. 134; Harrell v. Peebles, 79 N.C. 30; Moore v. Hinnant,90 N.C. 166; Hinton v. Roach 95 N.C. 111; Brittain v. Mull, 99 N.C. 492;Taylor v. Gooch, 110 N.C. 392; Stealman v. Greenwood, 113 N.C. 359.